Diadama F. Inman *vs.* Gilbert S. Inman *et al.*

JUNE 15, 1923.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)　Wills.　Omission of Child.*

Where there is nothing to show that the omission to provide for a child and grandchild of testatrix, in a will was intentional, by force of the statute it is

presumed to have been unintentional and occasioned by accident or mistake and they take the same share of the estate of testatrix as if she had died intestate.

*(2)  Probate Proceedings.  Dower.  Estoppel.*

Signing a waiver of notice of the probate of a will, does not in itself estop the signers from denying the title of devisees under the will.

*(3)  Wills.  Estoppel.*

Where one had an estate by curtesy in the real estate of his wife, the heirs of the wife are not estopped from denying that he was seized of an estate of inheritance under the will of his wife, by permitting him to remain in possession during his lifetime, nor were they guilty of laches in not attempting to deprive him of possession.

*(4)  Dower.  Estoppel.*

Where complainant was not entitled to dower in the estate of her husband, which on the termination of his life estate vested in respondents in fee, and after the death of the husband, complainant and respondents executed an agreement reciting that the parties being the owners of the real estate agreed that the rents should be collected and divided in equal proportions among the three; such agreement being subject to revocation at any time, and the parties acted thereunder for over four years; respondents are not estopped to deny the claim of dower by complainant in such real estate since they made no representations to complainant in regard to the title upon which she acted or failed to act to her disadvantage.

BILL IN EQUITY for assignment of dower. Heard on appeal of complainant and appeal dismissed.

SWEENEY, J.   The complainant brought this bill in equity to procure the assignment of her dower in the real estate of which her husband Marcus M. Inman is alleged to have died seized and possessed in fee simple.   The answer denied that said Marcus M. Inman was seized of an estate in fee simple in said real estate and averred that the respondents were seized of an estate of inheritance therein, subject to the right of curtesy of said Marcus M. Inman.

After a trial in the Superior Court upon bill, answer, issues of fact and proof, a final decree was entered dismissing the bill.   The complainant has duly brought the cause to this court by her claim of appeal, and assigns as reasons therefor that said decree is contrary to the law and the evidence and the weight thereof; and that the respondents

are estopped from denying that the complainant is entitled to dower in said real estate.

It appears by the record that Pauline A., Inman, wife of said Marcus M. Inman, died testate April 14, 1912, and that her will was admitted to probate by the Municipal Court of the city of Providence nine days thereafter. By her will she devised and bequeathed all of her real and personal estate to her said husband. In her will she did not mention her son Gilbert nor her granddaughter, the issue of a deceased child. This son and granddaughter are the respondents in this cause. Mr. Inman married the petitioner in August, 1913, and he died intestate in April, 1917, possessed of the real estate devised to him by the will of his first wife.

Section 22 of Chapter 254, Gen. Laws, 1909, provides that when a testator omits to provide in his will for any of his children, or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake.

The complainant has not introduced any evidence to prove that the omission to provide for said child and grandchild of the testatrix in her will was intentional, on her part, and therefore, by force of the statute, it is presumed that the omission was unintentional and occasioned by accident or mistake, and the said child and grandchild take the same share of the estate of the testatrix as if she had died intestate. See *Jenks* v. *Jenks*, 27 R. I. 40.

Under the law and the evidence in the record, the said Marcus M. Inman was not seized and possessed of an estate of inheritance in the real estate mentioned in said bill of complaint but had only a life estate therein as tenant by curtesy in his first wife's real estate, and consequently his second wife, the complainant, is not entitled to dower therein.

The complainant contends that the respondents are estopped from denying that Mr. Inman was seized of an estate

of inheritance by the terms of his wife's will because (1) They signed a waiver of notice for the purpose of admitting said will to probate: (2) By permitting Mr. Inman to remain in possession of said real estate during his lifetime: (3) By signing an agreement recognizing the right of the complainant to have dower in said real estate.

The signing of the waiver of notice in order to secure the probate of the will was a proper thing for the respondents to do inasmuch as they were of full age ·and were interested parties in the estate of their mother and wished to secure a prompt admittance to probate of her will.

Mr. Inman had a life estate by curtesy in the real estate of his wife and, so far as the record shows, the respondents had no lawful reason for interfering with his possession of the same from the time of the death of his first wife in 1912 ·until his death in April, 1917, and the respondents were not guilty of laches in not attempting to deprive him of the possession of said real estate during his lifetime.

Within a month after the death of Mr. Inman, namely, May 2, 1917, the complainant and respondents signed an agreement stating, among other things, that whereas Mr. Inman had died intestate, leaving, in addition to personal property, certain parcels of real estate, and leaving the complainant as his widow, and the respondents as his heirs at law; and that they, being the present owners of the aforesaid real estate, and being desirous of having it managed advantageously mutually agreed that his son, Gilbert S. Inman should collect the rents and pay all expenses during the term of the agreement; and that he should distribute any balance in his hands in equal portions among them, at such times as might be mutually agreed upon.

This agreement expressly stated that it should be in force so long as the parties to it were agreeable thereto, and therefore it could be revoked by either of them at any time.

The parties continued to act under this agreement until December, 1921—four years and seven months thereafter—when the bill of complaint was filed in this cause.

The complainant contends that the respondents are estopped to deny that the complainant is entitled to dower in said real estate because of the statements in said agreement that Mr. Inman died leaving certain real estate; that the parties thereto are the present owners of it, and because she has received one-third part of the net proceeds of the income of the real estate for such a long time under the terms of said agreement.

It does not appear from the evidence that the respondents made any representations to the complainant in regard to the title to said real estate upon which the complainant has acted, or failed to act, to her disadvantage; and therefore the respondents are not now estopped from denying that the complainant is entitled to dower in said real estate. The fact that the respondents may have given the complainant a third of the net proceeds of the income from said real estate during the continuance of said revocable agreement, when as a matter of right, she was not entitled to demand any of said net proceeds, cannot be held to estop the respondents from now refusing to be further controlled by its terms or to revoke it at their pleasure.

The complainant's appeal is dismissed. The decree appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Claude C. Ball, Adolph Gorman,* for complainants.
*McGovern & Slattery,* for respondents.